IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LOHRASB "JEFF" JAFARI,<br><br>   Defendant. | CRIMINAL CASE NO.<br>1:19-CR-00078-SCJ-LTW |

## ORDER

This matter appears before the Court on the February 25, 2020 Final Report and Recommendation ("R&R") issued by the Honorable Linda T. Walker, United States Magistrate Judge. Doc. No. [66]. Defendant objected to the R&R (Doc. No. [76]), and the matter is ripe for review.

### I. BACKGROUND

The R&R provides relevant background (Doc. No. [66], p. 2), and this Court reviews only the immediately relevant procedural background. In the R&R, Judge Walker denied Defendant's Motion for Bill of Particulars (Doc. No. [40]) and Motion to Disclose Specific Brady Information (Doc. No. [41]). Doc. No. [66], p. 1. Judge Walker also recommended that this Court deny Defendant's

Preliminary Motion to Suppress (Doc. No. [43]) and Particularized Motion to Suppress (Doc. No. [46]). Doc. No. [66], p. 1.

Defendant objected to the R&R for two reasons. Doc. No. [76]. First, Defendant objected to Judge Walker's reliance on binding Eleventh Circuit precedent[1] because Defendant believes that case was wrongly decided and wishes to preserve the issue for appeal. Id. at 1–2. Second, Defendant objected to Judge Walker's decision not to hold an evidentiary hearing on the particularized motion to suppress in order to develop a factual record for appeal. See id. at 2. Defendant thereby requested that this Court hold a hearing to decide whether to adopt the R&R and deny Defendant's particularized motion to suppress. Id.

## II.   LEGAL STANDARD

The Court must conduct a *de novo* review of those portions of the R&R to which Defendant has timely and specifically objected. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Id.

---

[1] The case at issue is United States v. Lowery, 166 F.3d 1119 (11th Cir. 1999), which forecloses Defendant's argument that the Government's alleged violation of Georgia's Rules of Professional Conduct provides an adequate basis to suppress evidence in this case. See Doc. No. [76], p. 1.

For a party's objections to warrant *de novo* review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The Eleventh Circuit has noted that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous . . . objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006).

### III.  ANALYSIS

The Court has reviewed the R&R and Defendant's objections. Defendant specifically objected to (1) the R&R's conclusion that binding precedent foreclosed Defendant's motion to suppress argument and (2) Judge Walker's decision not to hold a hearing to develop the factual record on that issue. This Court has reviewed the matter *de novo* and denies Defendant's objections.[2]

---

[2] The Court arguably could have reviewed these R&R's findings for clear error because courts have found in various contexts that arguments "foreclosed by clear precedent" are frivolous. Fowler v. Ritz-Carlton Hotel Co., LLC, 579 F. App'x 693, 697 (11th Cir. 2014); see also Sawyers v. Warden, FCI Jesup, No. 2:17-CV-103, 2018 WL 557839, at *4

Binding precedent forecloses Defendant's underlying theory and would make an evidentiary hearing to support that theory a pointless exercise. This Court will not now hold a hearing regarding effectively the same issue.

Defendant did not object to other sections of the R&R. After review, the Court finds no clear error with those sections, and they are due to be adopted.

## IV.   CONCLUSION

The Court therefore **ADOPTS** the R&R as the Order of this Court. The Motion for Bill of Particulars (Doc. No. [40]), Motion to Disclose Specific Brady Information (Doc. No. [41]), Preliminary Motion to Suppress (Doc. No. [43]), and Particularized Motion to Suppress (Doc. No. [46]) are **DENIED**. Defendant's objections (Doc. No. [76]) are **OVERRULED**.

**IT IS SO ORDERED** this 27th day of October, 2020.

    s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

(S.D. Ga. Jan. 25, 2018), report and recommendation adopted, No. 2:17-CV-103, 2018 WL 1187558 (S.D. Ga. Mar. 7, 2018).

4