# CRIMINAL TRIAL OUTLINE/OVERVIEW (Judge Jones)[1]

This trial outline/overview provides general procedural information for conducting trials before the Honorable Steve C. Jones, United States District Judge.  Circumstances may sometimes require the Court to deviate from this outline.

VOIR DIRE

The Court will begin by welcoming the jurors.

Ms. Wright, our courtroom deputy clerk, will call the case for trial.

The Court will ask if each side is ready for trial.

The Court will allow the attorneys to introduce themselves and any associates with them.

The Court will give an OVERVIEW of the crimes and statutes the Defendant is alleged to have violated.

The Court will determine if the jurors were given the oath in the jury assembly room.  If yes, the Court will remind the jurors of oath to answer truthfully.  If not, the Court will ask Ms. Wright to administer the oath to the jury as follows.

> YOU DO SOLEMNLY SWEAR THAT YOU WILL TRUTHFULLY ANSWER ALL QUESTIONS THAT SHALL BE ASKED OF YOU, TOUCHING YOUR QUALIFICATIONS AS A JUROR, IN THIS CASE NOW CALLED FOR TRIAL.

---

[1]Additional trial instructions and filing deadlines are found in the Court's standing order, issued June 1, 2011.

The Court will collectively ask the jurors the following qualifying questions.[2]

1.  Does any member of the panel know the United States Attorney, _____?

2.  Does any member of the panel know Assistant United States Attorney _____[add name(s) here]?

3.  Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for the United States Attorney's Office?

4.  Does any member of the panel know Defendant's Attorney _____?

5.  Does any member of this panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by the law firm of _____[*name the law firm of defense counsel here*]?

6.  Does anyone know or has anyone ever met _____ [*add*

---

[2]If an anonymous jury is to be selected, the Court will give the following instruction:

Before selecting jury members, I'll tell you about something that affects how a jury is selected and how a trial is conducted.

Sometimes criminal trials attract the attention of the media and the public.  The level of interest is unpredictable and not within my control.  This case involves several defendants and may continue for some time.  It may attract an unusual amount of attention, so there may be curiosity about the participants – the lawyers, witnesses, defendants, judge, and perhaps even the jurors.

People may ask questions to learn more about the case.  Even though these questions may be well-intentioned, they may still distract you from your duties as a juror.  These questions can be awkward or inconvenient for you, your family, and your friends.  They can be part of unwanted and improper approaches toward you from outside the courtroom.

During your service as a juror, you must not discuss this case with anyone.  And even after the case is finished, you will never be required to explain your verdict or jury service to anyone.

Your names and personal information will be known only to court personnel and will not be disclosed.

To discourage unwanted publicity, telephone calls, letters, and questions, you will be referred to only by your juror number.

*Defendant's name here*]?

7. Does anyone know any of the following individuals who may be witnesses in this case? [*review witness list*]

8. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

9. Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

10. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions?

The jurors will be called to the jury box in panels of twelve (12).[3]

The Court will next ask each juror (in the jury box) to please stand (as his/her name is called) and answer each question on the questionnaire sheet.

The questionnaire is as follows:

1. What is your present occupation? Please tell us the name of the company where you work.
2. Do you have the authority to hire or fire?
3. If you have had this job for less than three years, what was your previous job?
4. If married, what is your spouse's occupation?
5. If you have grown children, what are their occupations?
6. In what city and county do you reside? How long have you lived there?
7. If you have lived at your current residence for less than one year, where did you previously reside?
8. Where did you grow up?
9. What is your educational background?
10. Do you belong to any social, civic, political or religious organizations?
11. What do you do for recreation?
12. Have you ever been on a jury before? If so, when, where, what kind of case, and did you reach a verdict?
13. Have you (or any member of your family) received any legal training?
14. Have you (or any member of your family) served in the military?

---

[3]Typically, thirty-six (36) jurors are summoned for a criminal case, unless additional jurors are requested by the attorneys (and the Court agrees more juror are needed).

3

The Court will next permit each attorney to propound individual and panel questions to the jury.   Mr./Ms. _____ of the United States Attorneys Office will ask questions first, followed by Mr./Ms. _____,Defense Counsel.

Challenges for cause will be handled at the conclusion of juror questioning.

There will be a fifteen (15) minute break for the attorneys to review their notes after the Court rules on the challenges for cause.

Jury selection will occur utilizing a master list prepared by the Courtroom Deputy.  Each attorney will write in his/her own strikes.  Twelve (12) jurors will be selected, with two (2) alternates, who will not deliberate unless replacing a seated juror.  Additional alternates may be selected at the request of either side and order of the Court.

The Court will hear motions or challenges to the jury selection. (*i.e.*, Batson or McCollum challenges).[4]

Ms. Wright will call the selected jurors to the jury box.

The Court will release the remaining jurors.

Ms. Wright will administer the following oath to the jury.

> YOU AND EACH OF YOU DO SOLEMNLY SWEAR THAT YOU WILL WELL AND TRULY TRY THE MATTERS IN ISSUE NOW ON TRIAL, AND RENDER A TRUE VERDICT ACCORDING TO THE LAW AND THE EVIDENCE; SO HELP YOU GOD.  IF YOU AGREE, PLEASE RESPOND BY SAYING "I DO."

---

[4]See Batson v. Kentucky, 476 U.S. 79 (1986) and  Georgia v. McCollum, 505 U.S. 42 (1992).

The Court will PRELIMINARILY INSTRUCT the jury as follows.

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or

disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

Certain things are not evidence and must not be considered.  I will list them for you now:

- Statements and arguments of the lawyers.  In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers.  The lawyers' questions are not evidence.  Only the witnesses' answers are evidence.  You should not think that something is true just because a lawyer's question suggests that it is.  For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore

the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his] [her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal

8

conduct in order to help assure a just and fair trial.   I will now give you those instructions:

1.  Do not talk, either among yourselves or with anyone else, about anything related to the case.  You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2.  Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3.  You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4.  Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case.  And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5.  Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6.  Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to

emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites such as Facebook, My Space, or Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge.

It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict.  Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Transcripts:

Jurors will oftentimes, when they are deliberating, say, "Judge, could you read back what that fifth witness said in the middle of the day?" And the answer is always, "no" —so, I will just tell you that up front. We do have a very able court

reporter here, but transcripts of the trial testimony will not be prepared by the time of deliberation (and will not be available). And even if trial transcripts were available, courts generally don't want to read back one part of what somebody said, because of the necessity to consider the entirety of the trial testimony in your deliberations.

So, what you need to do, then, is if you are the kind of person that pays attention best when you take notes, then take notes if you need to— or, if you are the kind of person who learns best by just listening really hard, do it that way. Either way, you are going to need to pay very careful attention to the witnesses and their testimony because we won't be able to provide the transcripts to you.

<u>Separate consideration for each defendant</u>:

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to a particular defendant and disregard any evidence admitted solely against some other defendant[s]. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant[s].

Course of the trial:

The trial will now begin.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if [he] [she] wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

14

After the preliminary instruction, the trial will then proceed as follows.

COURT'S INQUIRY AS TO INVOCATION OF RULE OF SEQUESTRATION

OPENING STATEMENTS

GOVERNMENT'S CASE

GOVERNMENT RESTS – THE COURT WILL HEAR ASSOCIATED MOTIONS (if any)

THE COURT WILL INSTRUCT DEFENDANT ON RIGHT NOT TO TESTIFY/PRESENT EVIDENCE

DEFENDANT'S CASE (IF HE/SHE SO ELECTS)

DEFENSE RESTS – THE COURT WILL HEAR ASSOCIATED MOTIONS (if any)

REBUTTAL

CLOSE OF EVIDENCE

CHARGE CONFERENCE

CLOSING ARGUMENTS

COURT'S CHARGE TO THE JURY – printed copies will be sent out with the jury, along with the information/indictment and evidence

JURORS WILL SELECT THEIR FOREPERSON

DELIBERATIONS

VERDICT